IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. BUCKLEY, #13069324, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-3944-L-BK |
| | § | |
| THE STATE OF TEXAS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 7, 2014, Plaintiff, a county inmate, filed a *pro se* complaint under 42 U.S.C. § 1983, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff names as defendants Dallas County Judge Earnest White, Assistant Public Defender Charles Allen, and Police Officer Darrus Edberson. [Doc. 3 at 3].[1] Plaintiff asserts that Judge White violated his right to due process when he refused to appoint a new attorney and forced him to proceed to trial represented by Mr. Allen, who subsequently violated Plaintiff's "right to fair representation." [Doc. 3 at 4; Doc. 8 at 11]. Plaintiff further alleges that on October 21, 2013, Officer Edberson arrested him in retaliation for Plaintiff requesting his name and badge number. [Doc. 3 at 4; Doc. 8 at 12]. Plaintiff seeks monetary damages. [Doc. 3 at 4].

---

[1] Although Plaintiff also lists the State of Texas in the caption of the complaint, he asserts no claims against the State. Also, the Court previously severed from this case his detention claim. [Doc. 7]. *See Buckley v. Valdez*, No. 3:14-CV-3974-L-BK (N.D. Tex.).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Judge White is entitled to absolute immunity from the claim for damages. His complained of actions were performed in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-362 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Moreover, Plaintiff cannot satisfy the "under color of state law" requirement with respect to Attorney Allen for acts and omissions during his state criminal prosecution.[2] *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law in

---

[2] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (same as to court appointed attorney).

Finally, the complaint, as supplemented by the answers to the court's questionnaire, presents no facts that, if true, state a claim of retaliation against Officer Edberson.  *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (to state a claim of retaliation, a petitioner must allege facts that establish: 1) a specific constitutional right; 2) a defendant's intent to retaliate against the petitioner for exercising that right; 3) a retaliatory adverse act; and 4) causation).  Although Plaintiff asserts that Officer Edberson arrested him in retaliation for requesting the officer's name and badge number, Petitioner admits in the answers to the Court's Questionnaire that he was arrested on outstanding warrants for "tickets."  Doc. 8 at 11.  Thus, his claim is factually frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

SIGNED January 28, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE