**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT E. BUCKLEY, #13069324,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-3944-L-BK** |
| | § | |
| **THE STATE OF TEXAS, et. al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is Plaintiff Robert E. Buckley's ("Plaintiff") *pro se* Complaint filed November 7, 2014.  This case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 28, 2015, recommending that the court summarily dismiss this actions as frivolous.  No objections to the Report were received as of the date of this order.  The magistrate judge recommends that the court dismiss Plaintiff's claims against Defendants Dallas County Judge Earnest White; Assistant Public Defender Charles Allen; and Police Officer Darrus Edberson ("Officer Edberson").

Plaintiff alleges Officer Edberson arrested him in retaliation for requesting his name and badge number.  The magistrate judge concluded that this claim is factually frivolous, because Plaintiff admits that he had traffic tickets, and "he was arrested on outstanding warrants."  Report 3.  Although the record does not specifically state that Plaintiff "was arrested on outstanding warrants," sufficient evidence exists such that the court can reasonably infer that there was an outstanding warrant for Plaintiff's arrest.  From a reading of Plaintiff's statement in the record, it is

clear that Officer Edberson asked him and his brother for identification, that Officer Edberson ran

a check on Plaintiff and his brother, and that an outstanding warrant existed for Plaintiff's arrest.

Plaintiff's statement, "We both had tickets, and got taken to jail for that," clearly allows the

reasonable inference that Plaintiff and his brother had outstanding warrants.

To the extent Plaintiff asserts a claim for the use of excessive force, such claim fails.  The

Fifth Circuit uses a three-part test that requires a plaintiff to show "(1) an injury (2) which resulted

directly and only from the use of force that was clearly excessive to the need (3) and the force used

was objectively unreasonable." *Hathaway v. Bazany*, 507 F.3d 312, 320  (5th Cir. 2007) (citation

omitted); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000); *Williams v. Bramer*,

180 F.3d 699, 703-04 (5th Cir. 1999); *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996); *Spann*

*v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993); *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th

Cir. 1992).

Plaintiff has set forth no allegations to show that the alleged use of force "was clearly

excessive to the need" to use force.  Plaintiff states, "At that moment, the officer kicked open the

door to which was open but not all the way.  But the door hit [him] on his left hip with force[;] it

caused pain and swelling."  This statement falls far short of allegations from which the court can

reasonably infer that the use of force "was clearly excessive to the need."

After reviewing the pleadings, file, record in this case, and Report, the court determines that

the findings and conclusions are correct, and **accepts** them as those of the court.  Accordingly, the

court **dismisses with prejudice** Plaintiff's claims against the State of Texas, Dallas County Judge

Earnest White, Assistant Public Defender Charles Allen, and Officer Darrus Edberson.

The court prospectively **certifies** that any appeal of this action regarding the matters set forth in this order would not be taken in good faith and **denies** a certificate of appealability. *See* 28 U.S.C. § 1915(a)(3). In support of this finding, the court **adopts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

**It is so ordered** this 9th day of September, 2015.

Sam A. Lindsay
United States District Judge

Order – Page 3